UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| HUMBERTO GLORIA, JR. § <br> AND DENISE SONORA § <br>     Plaintiff § <br> § <br> v. § <br> § <br> UNITED PROPERTY & CASUALTY § <br> INSURANCE COMPANY, § <br>     Defendant § | CIVIL ACTION NO. _____ |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 81 of the United States District Court for the Western District of Texas, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-referenced case, having been served the citation and Plaintiffs' Original Petition, files this Notice of Removal. In support thereof, Defendant states as follows:

1. On January 29, 2021, Plaintiffs, Humbert Gloria, Jr. and Denise Sonora, filed an action styled: *Cause No. 21-01-39623-MCVAJA; HUMBERTO GLORIA, JR. AND DENISE SONORA v. UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant, in the 365th Judicial District Court of Maverick County, Texas.*

2. Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY hereby requests and consents to the removal of this matter to the United States District Court for the Western District of Texas, Del Rio Division.

3. Pursuant to L.R. 81, Defendant attaches true and correct copies of the following documents as Exhibits to this Notice of Removal:

    a) Exhibit 1 – A true and correct copy of proof of executed service on Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY;

    b) Exhibit 2 – A true and correct copy of Plaintiff's Original Petition;

    c) Exhibit 3 – An index of matters being filed;

    e) Exhibit 4 – A list of all counsel of record, including addresses, telephone numbers, and parties represented;

    f) Exhibit 5 – A true and correct copy of the Florida Certificate of Formation for Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY located in the Secretary of State of Florida; and,

    g) Exhibit 6 - A true and correct copy of the Annual 2020 For Profit Corporation Report for the Secretary of State of Florida.

    h) Exhibit 7 - A true and correct copy of Defendant's State Court Notice of Removal.

4. In the underlying State Court Action, Plaintiffs allege that sometime prior to December 13, 2018, Plaintiffs purchased a home insurance policy from Defendant for a house located at 1259 Royal Been Drive, Eagle Pass, Texas 78852.  Plaintiff alleged that on December 13, 2018, a severe storm occurred at this location which damaged the house.  Plaintiffs filed a claim with Defendant in order to pay Plaintiffs for these claimed damages.  Defendant sent an inspector and found no damages to the property from a reported storm occurring on December 13, 2018.  Plaintiff reported a claim for damages from this December 13, 2018.  Plaintiff then filed the State Court lawsuit against Defendant for breach of contract, violations of the Texas Insurance Code, a common law breach of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and a claim of waiver and estoppel.  Plaintiffs further allege damages sustained as a result of this incident, requests

mental anguish, court costs and attorneys' fees and three times the alleged actual damages. Plaintiff Exhibit 2.

5. In their Petition, Plaintiffs admit they are residents of Maverick County, Texas. Exhibit 2.

6. Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY exists and is a corporation duly authorized to transact business of protection, indemnity and residual value insurance as specified under the laws of the State of Florida. Exhibit 5. Defendant is not a limited partnership, general partnership, limited liability company per this Certificate. Thus, Defendant is a citizen of the State of Florida.

7. Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY's principal place of business and home office address is located at 800 2nd Avenue South, Saint Petersburg, Florida 33701. Exhibit 6.

8. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the underlying State Court Action, because the matter in controversy, as plead and demanded by Plaintiff, exceeds the sum or value of $75,000.00, and it is between citizens of different States— Texas and Florida.

**AMOUNT IN CONTROVERSY**

9. Plaintiff seeks recovery of damages and monetary relief over $75,000, claiming damages of at least $200,000.00, but no more than $1,000,000.00 and in pleading an amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. Exhibit 2.

**DIVERSITY OF CITIZENSHIP**

10. Plaintiffs allege that they are residents of Maverick County, Texas; thus, they are Texas citizens. Exhibit 2. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is a resident and citizen of the State of Florida. Exhibits 5 and 6. Defendant

is clearly a citizen of a State different from Plaintiff.  Therefore, the diversity of citizenship requirement in 28 U.S.C. § 1332(a)(1) is satisfied.

## PROPER VENUE

11. Pursuant to 28 U.S.C. § 1441(a), Defendant may remove any state civil action of which the district courts of the United States have diversity jurisdiction to that district and division embracing the place where such action is pending. *Reynolds v. Personal Representative of the Estate of Johnson*, 139 F.Supp.3d 838 (USDC for the Western District of Texas 2015). Here, Plaintiff filed the underlying State Court Action in the 365th Judicial District of Maverick County, Texas.  The United States District Court for the Western District of Texas – Houston Division encompasses Maverick County, Texas and is very close to Del Rio, Texas, one of the divisions of the Western District of Texas, Del Rio Division. Therefore, this district and division are the proper venue to remove the underlying State Court Action.

## TIMELINESS OF REMOVAL

12. Defendant, pursuant to the requirements set forth in 28 U.S.C. § 1446(b)(1), are timely filing this Notice of Removal prior to all time deadlines as set forth therein.

13. The filing fee is being paid to the Clerk and is simultaneously being filed with this Notice.

14. In accordance with 28 U.S.C. § 1446(a), Local Rule 81 and as set forth above, a copy of all processes, pleadings, and other required documents are attached hereto as Exhibits 1-6.

15. This Notice of Removal is filed subject to and without waiving any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure and/or by any applicable state or federal law.

16. There are no orders signed by the state judge in the underlying State Court Action.

17. WHEREFORE, considering the foregoing, Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully requests this Honorable Court to remove and accept the State Court Action, *Cause No. 21-01-39623-MCVAJA; HUMBERTO GLORIA, JR. AND DENISE SONORA v. UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant, in the 365th Judicial District Court of Maverick County, Texas* and for such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        **RESNICK & LOUIS, PC**

        */s/ Stephen E. Irving*
        **STEPHEN E. IRVING**
        **Federal Bar No. 35240**
        State Bar No. 24035186
        2929 Allen Parkway, Suite 200
        Houston, Texas 77019
        sirving@rlattorneys.com
        (281) 724-5580

        **ATTORNEYS FOR DEFENDANT**
        **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1th day of March 2021, a true and correct copy of the above and foregoing document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure.

        */s/ Stephen E. Irving*
        **STEPHEN E. IRVING**